Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
Sandra J. Padegimas, AZ Bar No. 011652
Katherine J. Kruse, AZ Bar No. 019167
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone:  (602) 640-5061
Fax:  (602) 640-5009
Email:    sandra.padegimas@eeoc.gov
          katherine.kruse@eeoc.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) COMPLAINT ) ) JURY TRIAL DEMANDED ) |
| vs. | ) ) ) |
| University of Phoenix, Inc., an Arizona corporation, | ) ) ) ) |
| Defendant. | ) ) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to, Robert Lein, William Davis, Harry Hamilton, and Darry Thornton, and a class of individuals who are not members of the Church of Jesus Christ of Latter Day Saints ("LDS"), who were adversely affected by such practices.  The Equal Employment Opportunity Commission alleges that Defendant, the University of Phoenix, discriminated against Messrs. Lein, Davis, Hamilton, and Thornton, and a class of individuals, based on their religion, non-LDS, by treating them less favorably with regard to terms and conditions of employment including distribution of enrollment leads, granting of tuition waivers, and/or reprimands.  The Commission

further alleges that, after Messrs. Lein, Hamilton, and Thornton complained about the discrimination, Defendant further discriminated against these three individuals by transferring them based on their religion, non-LDS, or in retaliation for their complaints of discrimination.  Finally, the Commission alleges that Defendant further discriminated against Mr. Lein based on his religion, non-LDS, or in retaliation for his complaint of discrimination, by terminating him.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, the University of Phoenix, an Arizona corporation (the "Employer"), has continuously been doing business in the State of Arizona and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

\\
\\

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Messrs. Lein, Davis, Hamilton, and Thornton filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least August, 2001, Defendant Employer has engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices include discriminating against Messrs. Lein, Davis, Hamilton, and Thornton, and a class of individuals, based on their religion, non-LDS, by treating them less favorably with regard to terms and conditions of employment, including but not limited to the distribution of enrollment leads, granting of tuition waivers, and/or reprimands.

8. On or near October 2003, Defendant Employer engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and/or Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include discrimination against Messrs. Lein, Hamilton, and Thornton, based on religion, non-LDS, and/or opposition to unlawful employment practices, by transferring them after they complained of unlawful discrimination based on religion.

9. On or near September 2004, Defendant Employer engaged in unlawful employment practices, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and/or Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by terminating Mr. Lein based on his religion, non-LDS, and/or his opposition to unlawful employment practices.

10. The effect of the practices complained of in paragraphs 7, 8, and 9 above has been to deprive Messrs. Lein, Davis, Hamilton, and Thornton, and a class of non-LDS individuals, of equal employment opportunities and otherwise adversely affect their status as employees, because of their religion, non-LDS, and/or because they had complained about religious discrimination.

11. The unlawful employment practices complained of in paragraphs 7, 8, and 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7, 8, and 9 above were done with malice or with reckless indifference to the federally protected rights of Messrs. Lein, Davis, Hamilton, and Thornton, and a class of non-LDS individuals, including a class of employees who had opposed religious discrimination.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discrimination based on religion, and from engaging in retaliation for opposition to unlawful employment practices.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for non-LDS individuals, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to issuance of a written apology.

C. Order Defendant Employer to make whole Messrs. Lein, Davis, Hamilton, and Thornton, and a class of non-LDS individuals, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and to provide Mr. Lein front pay and/or reinstatement.

D. Order Defendant Employer to make whole Messrs. Lein, Davis, Hamilton, and Thornton, and a class of non-LDS individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7, 8, and 9 above, including job search and relocation expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Messrs. Lein, Davis, Hamilton, and Thornton, and a class of non-LDS individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in

paragraphs 7, 8, and 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F.  Order Defendant Employer to pay punitive damages for its malicious and/or reckless conduct described in paragraphs 7, 8, and 9 above, in amounts to be determined at trial.

  G.  Grant such further relief as the Court deems necessary and proper in the public interest.

  H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 25th day of September, 2006.

    RONALD S. COOPER
    General Counsel

    JAMES LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION
    1801 L Street, NW
    Washington, DC  20507

    s/ Mary Jo O'Neill
    Regional Attorney

    s/ Sally C. Shanley
    Supervisory Trial Attorney

    s/ Sandra J. Padegimas
    Trial Attorney

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                        s/ Katherine J. Kruse
                                        Trial Attorney

                                        EQUAL EMPLOYMENT
                                        OPPORTUNITY COMMISSION
                                        Phoenix District Office
                                        3300 N. Central Ave.
                                        Suite 690
                                        Phoenix, Arizona 85012

                                        Attorneys for Plaintiff