Mary Jo O'Neill, AZ Bar No. 005924
Sally C. Shanley, AZ Bar No. 012251
Katherine J. Kruse, AZ Bar No. 019167
Lucila G. Rosas, CA Bar No. 187345
Equal Employment Opportunity Commission
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone:  (602) 640-5029
Fax:  (602) 640-5009
Email: katherine.kruse@eeoc.gov
         lucila.rosas@eeoc.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>Plaintiff,<br><br>-and-<br><br>Darry Thornton, Francine Muscianisi, Shelly Chambers Thompson,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>University of Phoenix, Inc., an Arizona corporation, and Apollo Group, Inc., an Arizona corporation,<br><br>Defendants. | Case No. CV06-2303-PHX-MHM<br><br>**CONSENT DECREE** |

## I.  RECITALS

1.    This matter was instituted by the Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "Commission"), an agency of the United States, alleging that Defendants, the University of Phoenix, Inc. and Apollo Group, Inc. ("Defendants") violated Sections 703(a) of Title VII of the Civil Rights

Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e-2(a), by engaging in a practice of discriminating against Robert Lein, William Davis, Harry Hamilton, Darry Thornton, and a class of aggrieved persons who were not members of the Church of Jesus Christ of Latter Day Saints ("LDS"). The named individuals and additional class members are collectively referred to as "Class Members". The alleged practice of discrimination included treating the Class Members less favorably with regard to terms and conditions of employment including, but not limited to, distribution and redistribution of enrollment leads, granting or denying of tuition waivers, discipline, and the denial of promotions. The EEOC also alleged that, after Messrs. Lein, Davis, Hamilton, and Thornton complained about the discrimination, Defendants further discriminated against Messrs. Lein, Hamilton, and Thornton by transferring them based on their religion, non-LDS, or in retaliation for their complaints of discrimination, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a). The EEOC further alleged that Defendants discriminated against Mr. Lein based on his religion, non-LDS, or in retaliation for his complaint of discrimination, by terminating him in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 3(a). Defendants deny the EEOC's and Interveners' allegations in their entirety. Defendants' agreement to the entry of this Consent Decree shall not be construed as an admission of any statutory violation, liability, or other wrongdoing.

2.     Darry Thornton, Francine Muscianisi, and Shelly Chambers Thompson are Plaintiff Intervenors in this action and have filed a Complaint in Intervention. The term "Class Members" includes Plaintiff Intervenors.

3.     The EEOC, Intervenors, and Defendants (collectively, "the Parties"), desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree

enforceable against Defendants University of Phoenix, Inc. and Apollo Group, Inc.

4.      This Decree is final and binding upon the Parties as to the issues resolved, as well as upon their successors and assigns.

5.      The EEOC and Defendants agree that this Consent Decree fairly resolves the issues alleged by the EEOC in this lawsuit, and constitutes a complete resolution of all of the EEOC's claims against the Defendants asserted in this lawsuit.

6.      Plaintiff Intervenors and Defendants agree that this Consent Decree fairly resolves the issues alleged by the Plaintiff Intervenors in this lawsuit, and constitutes a complete resolution of all of the Plaintiff Intervenors' claims against the Defendants asserted in this lawsuit.

## II. DEFINITIONS

7.      The following terms, when used in this Consent Decree, shall have the following meanings as set forth below.  All terms defined in the singular shall have the same meaning when used in the plural, and all terms defined in the plural shall have the same meaning when used in the singular.

        (a)    Claim Share - The settlement amount which the EEOC determines will be paid to a particular Eligible Class Member.

        (b)    Claimant – An individual who requests that EEOC seek relief on his or her behalf or for whom the EEOC has, in fact, sought relief.

        (c)    Class Administrator – The individual retained to carry out the administrative functions necessary to distribute the Class Settlement Funds, as more specifically provided in  ¶ X, *infra.*

        (d)    Class Members - The Class of individuals covered by this Decree consists of all non-LDS employees employed by University of Phoenix Online Enrollment Department between January 1, 2001 and the Effective Date of this Decree, identified by the EEOC as Class Members

on or before October 17, 2008.

(e)     Eligible Class Members Entitled to Monetary Relief - To be eligible for class relief under this decree, a Claimant, as defined in ¶ 7(b) above, must be determined by EEOC to be a non-LDS employee, employed by University of Phoenix Online Enrollment Department between January 1, 2001 and the effective date of this Decree, who meets criteria established by the EEOC.

(f)     Complaint of Religious Discrimination, Harassment or Retaliation - A complaint of discrimination, religious harassment, religious favoritism, or resulting retaliation, shall be any oral or written complaint which comes to the attention of a supervisor or manager or the Employee Relations Department and makes allegations which are appreciated by any supervisor or manager or Employee Relations representative to be an allegation of religious discrimination, religious harassment or resulting retaliation.

(g)     EEO - The term "EEO" shall refer to the phrase "equal employment opportunity."

(h)     Effective Date - The Effective Date of this Decree is the date on which the Court gives final approval to the Decree, after hearing, if required.

(i)     Final Class Distribution Lists - The Final Class Distribution Lists are the list of Eligible Class Members and the amount of each such class member's Claim Share.  See ¶ X, *infra*.

(j)     Diversity Officer - A person with expertise in EEO and personnel matters, selected by Defendants, and agreed to by the EEOC. The Diversity Officer's primary functions are to review all policies and procedures referenced in this Decree and monitor Defendants' compliance with the Decree, and report to the Parties as to Defendants' compliance

with the Decree.

(k)     Parties - The Parties to this Decree are Plaintiff, the U.S. Equal Employment Opportunity Commission, Plaintiff Intervenors Thornton, Thompson and Muscianisi, and Defendants, the University of Phoenix and Apollo Group.

(l)     Private Counsel - Attorneys representing Intervenors in this action.

(m)     Corporate Human Resources-. The primary functions are to (1) review all policies and procedures referenced in this Decree, (2) to review and either approve or disapprove all hiring, promotional, tuition denial, and lead assignment distribution and redistribution decisions at University of Phoenix Online, and (3) to investigate all complaints of discrimination.

(n)     Supervisory Employee - The terms "Supervisory Employee" and/or "Management Employee" as contained herein shall mean an individual employed in the Online Enrollment Department who has supervisory authority.

(o)     Non-Supervisory Employee - The term "Non-Supervisory Employee" as contained herein shall mean an individual employed in the Enrollment Department of Online who does not have supervisory authority.

## III. JURISDICTION

8.     The Court has jurisdiction over the Parties and the subject matter of this lawsuit. This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights and privileges of any Party or person.  The Court shall retain jurisdiction of this action for the duration of the Decree for the purposes of entering all orders, judgments and decrees which may be necessary to implement the relief provided herein.

## IV.  GENERAL PROVISIONS

9.     This Consent Decree shall remain in effect for four (4) years from the Date of the Court's entry of this Decree.  The Commission reserves the right to file an enforcement action under Paragraphs 64-68 ("Enforcement of Consent Decree") of this Decree to extend the Decree for whatever period is necessary to allow Defendants to comply fully with the terms of this Decree.

10.     This Decree constitutes the complete understanding among the Parties with respect to the matters herein.

11.     If one or more provisions of this Decree are rendered unlawful or unenforceable the unaffected provisions will remain enforceable.

12.     Nothing in this Consent Decree shall be construed to limit or reduce Defendants' obligation to comply with Title VII, 42 U.S.C. §2000e, et seq.

13.     The Commission reserves all rights to proceed with respect to matters not covered by this Consent Decree and to secure relief on behalf of aggrieved persons not covered by this Consent Decree.  Under no circumstances shall the EEOC, by commenting or electing not to comment upon proposed policies or procedures pursuant to Section VII ("Affirmative Relief"), be deemed to have waived its right to investigate or litigate any alleged adverse effects of said policy upon equal employment opportunities.  Nor shall the EEOC, by commenting or electing not to comment upon said policies or procedures, be considered to have accepted the validity of, or approved, the provisions adopted by Defendants.

14.     Nothing in this Consent Decree shall be construed to preclude the Commission from filing lawsuits based on charges not resolved in this Decree.

## V.  INJUNCTION

15.     Defendants are permanently enjoined from discriminating against any employee or applicant in assignment or reassignment of leads, approval or denial of tuition benefits, discipline, hiring, promotions, and any other term and

condition of employment because of that employee's religion.  Defendants shall afford employees the same terms and conditions of employment it affords all other employees in similar positions regardless of their religion.  Defendants are also permanently enjoined from terminating any employee because of that employee's religion.

16.     Defendants are permanently enjoined from retaliating against any applicant, employee, or Class Member for his or her participation in the EEOC process, the investigation by the EEOC into this matter, participation in this lawsuit, complaining about or opposing any employment practice made unlawful by one or more of the statutes enforced by the Commission, asserting any rights under this Decree, or filing a charge of discrimination under any of the statutes enforced by the Commission.

## VI. MONETARY RELIEF

17.     In full settlement of all monetary claims asserted by the EEOC and Plaintiff Intervenors on behalf of the currently identified Charging Parties, Intervenors and the Class Members, Defendants agree to pay a total of $1,875,000.  In addition, Defendants agree to pay Private Counsel fees in the amount of $100,000.

18.     Defendants shall pay to each Charging Party, Intervenor, and identified Class Member the amount identified in Attachment A by check no later than ten (10) days from the date of the Court's entry of the Consent Decree.  The settlement represents payment of back pay with interest plus compensatory damages, as detailed in Attachment A.  The check shall be made payable to each individual listed in Attachment A and mailed directly to each individual at the addresses provided by the Commission.  For portions designated as back wages, Defendants shall be responsible for the employer's share of any applicable to payments under this Decree.  Defendants will pay all payroll taxes

they owe on the back wages for the tax year during which payment is made, and deduct the additional payroll taxes owed by each Class Member.

19.     Defendants shall prepare and distribute tax reporting forms to the Class Members who receive payment under this Decree: I.R.S. form W-2 for the back wages, and I.R.S. form 1099 for the compensatory damages.

20.     Within three (3) business days of the issuance of the check, Defendants shall submit a copy of check and all related correspondence to Mary Jo O'Neill, Regional Attorney, Equal Employment Opportunity Commission, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012.

21.     Defendants shall not condition the Class Members' receipt of monies pursuant to this Decree upon the Class Members' agreement to (a) maintain as confidential the terms of the decree, (b) waive their statutory right to file additional charges of discrimination with any federal or state anti-discrimination agency, or (c) waive their right to apply for a position with the Defendant.

## VII.     AFFIRMATIVE RELIEF

### Notices

22.     Within sixty (60) days of Entry of this Decree, Defendants shall conspicuously post the Notice of Final Approval of Settlement attached hereto as Attachment B, in locations where all other employee-related notices are posted, at all facilities in Phoenix, Arizona where employees of the Enrollment Department at Online work.

23.     Within ninety (90) days of the entry of this Decree, Defendants shall conduct Initial Orientation regarding the Consent Decree as part of its required EEO training of all management and supervisory officials in the Enrollment Department at Online with authority to make hiring, promotion recommendations and or decisions, assign or reassign leads, approve or disapprove tuition waivers, and make or recommend disciplinary actions up to and including terminations; and   Employee Relations employees whose responsibilities include

the Enrollment Department employees at Online, about the terms and conditions of the Decree, its EEO Policy and of the Zero Tolerance Policy, which is attached as Attachment C.  At this initial orientation and training session, Defendants in the persons of the highest ranking management official of the Online Division and the head of the Human Resources Department shall inform all attendees that any breach of, or failure to comply with, the terms and conditions set forth in this Decree, its EEO Policy, or the Zero Tolerance Policy shall subject them to dismissal or other appropriate disciplinary action.  This training may be delivered by webcast or by closed-circuit presentation and Defendants shall maintain an electronic registry of attendance.

24.    Within sixty (60) days of the date of entry of this Decree, Defendants shall send an individualized "zero tolerance" notice to all supervisors, managers and Employee Relations personnel in the Enrollment Department at Online, which will state that, if any complaint of LDS favoritism or discrimination against non-LDS employees is substantiated, the member of management who engaged in the favoritism or discrimination, will be immediately terminated.   The Zero Tolerance Notice is attached as Attachment C.

### Letters of Reference

25.    In response to any third party inquiries, Defendants will provide Class Members with nothing less than a neutral reference.

26.    Defendants shall provide to all Charging Parties and Intervenors at least a neutral letter of reference in the form attached hereto as Attachment D. For any Charging Parties and/or Intervenors who received nothing less than a "Meets Expectations" performance evaluation and never received any written discipline, Defendants shall note this satisfactory performance in their letter.

### Letters of Apology

27.    Defendants shall execute and deliver a letter of apology attached hereto as Attachment E to all Charging Parties and Intervenors.

**Tuition Waiver**

28.    Defendants will provide Intervenor Shelly Chambers Thompson with a tuition waiver to complete her Bachelor's Degree at the University of Phoenix, Online Campus.  Ms. Thompson will enroll in the University within six (6) months of the entry of this Decree, maintain continuous enrollment, and comply with all other standard student guidelines.

**Training**

29.    Within sixty (60) days of Entry of this Decree, Defendants shall select a qualified and competent trainer, who will be agreed upon by the EEOC. Within one hundred and twenty (120) days of the entry of this Decree, the proposed trainer shall submit to the EEOC a proposed equal employment opportunity ("EEO") training program for new employees, non-supervisory employees, and supervisory employees working in the Enrollment Department at Online, and Employee Relations employees supporting the Enrollment Department at Online.  Each training program will include the following information: (a) a detailed agenda; (b) curriculum vitae(s) for the individual(s) who will conduct the training; (c) a copy of the materials to be handed out at the training, (d) a plan to ensure that all employees receive the required training.

30.    During each of the four (4) years in which this Decree is in effect, web-based interactive training seminars shall be provided to all of the employees of the Enrollment Department at Online, both managers, non-managers, and Employee Relations employees who support the Enrollment Department at Online. The web-based interactive seminars will be recorded for potential use in subsequent years' training.  The training shall be of the following durations:

(a)    Defendants will provide non-supervisory employees at least one (1) hour of EEO training, focusing on religious discrimination and retaliation.

(b)    Defendants will provide management employees at least one

and one-half (1½) hours of EEO training.  The Commission shall have the right to attend and participate in this training, focusing on religious discrimination and retaliation and how to identify complaints and to process EEO complaints.

(c)     Defendants will provide Employee Relations employees who support the Enrollment Department at Online at least three (3) hours of EEO training, focusing on religious discrimination and retaliation and how to identify complaints and how to investigate EEO complaints.

31.    With regard to new employees hired in the period between the annual training sessions, the following shall apply.

(a)     Defendants will provide non-supervisory employees at least one (1) hour of EEO training, focusing on religious discrimination and retaliation, within thirty (30) days of hire, and on an annual basis thereafter. This training may be by webcast purchased from an outside vendor, including a copy of the recorded presentation referenced above.

(b)     Defendants will provide management employees at least one and one-half (1½) hours of EEO training within thirty (30) days of hire or promotion into a supervisory position, and on an annual basis thereafter. This training may be by webcast purchased from an outside vendor, including a copy of the recorded presentation referenced above.  The Commission shall have the right to attend and participate in this training.

(c)     Defendants will provide Employee Relations employees who support the Enrollment Department at Online at least  three (3) hours of EEO training, focusing on religious discrimination and retaliation, within thirty (30) days of hire or promotion into an Employee Relations position, and on an annual basis thereafter.  This training may be by webcast purchased from an outside vendor, including a copy of the recorded presentation referenced above.  The Commission shall have the right to

attend and participate in this training.

32.     Defendants shall maintain an electronic registry of attendance for each training, along with a current employee list by position and title, and keep these records for the duration of the Decree.

33.     At a minimum, the EEO training programs shall include the following:

(a)     instruction on the requirements of all applicable equal employment opportunity laws including, but not limited to Title VII of the Civil Rights Act of 1964, as amended, with particular focus on religious discrimination and retaliation.

(b)     a review of Defendants' non-discrimination employment policies and procedures and its Zero Tolerance policy as described in Paragraph 26, infra, and of the specific requirements of this Decree, with particular emphasis on the complaint procedures and prohibitions on religious discrimination and retaliation in Paragraphs 35-40 and the Notices referenced in Paragraphs 24-26.

(c)     training for supervisory, management, and human resource employees shall include instruction on the proper procedures for responding to employee complaints of discrimination, including but not limited to how to investigate complaints of discrimination if doing so is within the person's job duties.

(d)     a strong statement about its Zero Tolerance policy shall be made at every training by the highest level Online management official, who will attend in person and who will emphasize the Company's prohibition of any religious discrimination and consequences of violating this prohibition.

### Adoption of Effective EEO Policies and Procedures

34.     Within ninety (90) days of the date of entry of this Decree, Defendants' Corporate Human Resources ("HR") Officials shall review

Defendants' existing equal employment opportunity policies and procedures, including policies proscribing religious discrimination and retaliation and develop and implement new and/or revised policies and provisions to ensure equal employment opportunities are afforded to all employees regardless of their religion. Defendants' written policies must include, at a minimum:

    a.    A strong and clear commitment to a workplace free of religious discrimination and retaliation;

    b.    A clear and strong encouragement of persons who believe they have been discriminated or retaliated against to come forward;

    c.    A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

    d.    An assurance of non-retaliation for persons who believe they have been discriminated against and for witnesses of discrimination;

    e.    That discrimination or retaliation, by anyone, including management officials, supervisors, vendors, suppliers, third parties, and customers, is prohibited and will not be tolerated;

    f.    The identification of a phone number and email address where employees who believe they have been subjected to discrimination can report the discrimination and who have the authority to investigate allegations of discrimination in a neutral and confidential (to the extent practicable) manner;

    g.    A written statement that an employee may report the discrimination to a designated person outside of his or her chain of management should the complainant believe managers in the chain of command have a conflict of interest, are implicated in the allegations, or may not adequately investigate the complaint; and

    h.    Assurances that Defendants will investigate allegations of discrimination, promptly, fairly, reasonably and effectively by appropriate

investigators and that appropriate corrective action will be taken by
Defendants to make victims whole and to eradicate the discrimination.
These policies shall be added to the Apollo Group Employee Handbook as part
of its next regularly scheduled revision, currently scheduled for January 2009.

35.    In addition, Defendants shall review its policies and procedures to
guard against religious discrimination in (a) promotions; (b) assignment of leads;
(c) discipline and discharge; (d) tuition benefits, (e) other terms and conditions of
employment, and (f) terminations.    Said policies and procedures shall be
reviewed and approved or modified by the Diversity Officer within one hundred
twenty days from the date of entry of this Decree.

36.    Defendants will ensure that within sixty (60) days of the entry of this
Decree, Corporate Human Resources will specially assign and train at least one
Employee Relations Manager and four (4) University of Phoenix Online
Employee Relations' Representatives regarding handling of allegations and
complaints of religious discrimination and violations of the Zero Tolerance Policy.

37.    Defendants will ensure that Corporate Human Resources will
immediately and appropriately investigate all such complaints and provide
complainants with written acknowledgment any such complaint.

38.    Defendants will take appropriate remedial measures up to and
including terminating supervisors or managers found to have engaged in
religious discrimination or retaliation based upon information obtained in any
resulting investigation.

39.    Defendants will retain all records regarding the adoption,
implementation, and revision of EEO policies and procedures.

### Management Evaluation and Compensation
### Incorporating EEO Compliance

40.    Within ninety (90) days of the entry of this Decree, Defendants shall

develop and implement a written management evaluation and compensation system which includes EEO compliance and compliance with this Decree as factors for evaluating manager performance in the Enrollment Department at Online.

### Consent Decree Diversity Officer

41.     Appointment of Diversity Officer- By the effective date of this Decree, Defendants and EEOC will agree upon a Consent Decree Diversity Officer to oversee the implementation by Defendants of the terms of this Decree.  The Diversity Officer will have broad powers to effectuate the purposes and enforce the terms of this Decree, including but not limited to authority to retain experts to obtain professional opinions, reports, or studies as the Diversity Officer deems necessary to carry out his/her responsibilities.

42.     Replacement of Diversity Officer - In the event the Diversity Officer is unable or unwilling to continue to serve, the Parties shall jointly select a new Diversity Officer.

43.     Resolving Disputes Over Diversity Officer Appointment - If, however, the EEOC and Defendants cannot agree upon a Diversity Officer by the Effective Date of this Decree or within thirty days following the notification of a need to replace the Diversity Officer, the EEOC shall provide Defendants with a list of at least three candidates, from which list Defendants shall select the Diversity Officer.  If no one on the EEOC's list is acceptable to Defendants, Defendants may ask the EEOC to provide another list.

44.     Staffing - Defendants shall provide the Diversity Officer adequate staff to complete all of the requirements of this Decree.

45.     Cooperation - The Diversity Officer shall, to the maximum extent practicable and consistent with the Diversity Officer's obligations, work cooperatively with Defendants so as not to unduly interfere with Defendants'

operations.  Defendants shall cooperate with the Diversity Officer to the maximum extent practicable.

46.    Access to Region, Premises, Employees, and Information - The Diversity Officer shall have reasonable access to relevant documents and other sources of information necessary to exercise his or her duties under this Decree. Such documents and other sources of information shall include:

(a)    All records documenting disciplinary actions taken during the reporting period, including documents supporting the discipline, investigative records, and records reflecting the decision-making process;

(b)    All records documenting handling of employee complaints of religious discrimination or retaliation made during the reporting period, including any records of the complaint; any investigative records, including notes of witness interviews, records gathered, investigative reports or recommendations; records reflecting what, if any, remedial steps were taken as a result of the complaint; and any records documenting the decision-making process;

(c)    A list of employees during the reporting period and records that reflect attendance at all the EEO training required in Paragraphs 29-33, above;

(d)    Documents that reflect all of the positions, including the management positions, at University of Phoenix Online filled during the reporting period either by new hire or promotion, including job posting, applications received, name and religious affiliation of the person selected for the position, names of all decision-makers involved in the selection, and any records documenting the qualifications of the selectee and the decision-making process;

(e)    Copies of any EEO policies and or procedures revised during the reporting period to implement or meet the objectives of the Consent

Decree;

(f)     The reports of the lead distribution and redistributions and tuition waiver denial and withdrawals.

The Diversity Officer and the EEOC shall have reasonable access to review all non-privileged records maintained by Defendants relating to the implementation or administration of this Decree.

47.     Diversity Officer Responsibilities - During the term of the Decree, the Diversity Officer will have the following responsibilities to be completed at least every six months, unless otherwise noted:

(a)     Evaluate whether Defendants have taken appropriate and reasonable action to protect non-LDS employees from religious discrimination and retaliation;

(b)     Review records documenting employee complaints of discrimination or harassment based on religion, including oral and written complaints, charges of discrimination, and investigative records relating to such complaints.

(c)     Review and analyze the data regarding hiring, discipline, and promotions to management positions to determine whether University of Phoenix Online is making progress in hiring and promoting non-LDS employees in a nondiscriminatory manner.

(d)     Review all hiring and management–level promotion decisions to analyze in depth the selection process for potentially discriminatory decision-making.

(e)     Meet with University of Phoenix Online's President at least quarterly to make recommendations regarding compliance with this Decree and other EEO matters;

(f)     Assist in review and revision of existing employment policies and procedures;

(g)   Review the University of Phoenix Online's policies and procedures related to distribution and redistribution of lead data, as discussed in Paragraphs 49-50 below, and the data regarding the distribution and redistribution of leads to make any further recommendations to ensure that it is being done impartially without regard to religion;

(h)   Review the University of Phoenix Online's tuition waiver policies and procedures and all denials and withdrawals, as set forth in Paragraphs 50-52 below and make any further recommendations;

(i)   Review and ensure the recruiting, screening, and selection of all positions, including management positions in the Online Division all done without discrimination.

(j)   In combination with the Reporting required under Section VII below, report to the EEOC every six months on all of its activities, observations and recommendations about further conduct by Defendants, if any.

48.   In combination with the first semi-annual Report required under Section VII below, the Defendants shall ensure that the Diversity Officer shall provide to the EEOC with the following:

(a)   a status report on the project to review and revise existing policies as necessary to ensure equal employment opportunities, as required in Paragraphs 34-39 above;

(b)   proposed EEO training programs, as required in Paragraphs 29-33, above; and

(c)   the location(s) and dates of the posting of the Notice required in Paragraph 23, above;

(d)   the dates and certification of the hand delivery of the Notices required in Paragraph 25, above;

(e)     any and all revisions to the University of Phoenix Online's lead distributions and tuition waivers policies and procedures, as explained in Paragraphs 48-52 below.

49.     No later than thirty (30) days prior to any scheduled training, as required under Paragraphs 29-33, above, Defendants shall inform the EEOC and the Diversity Officer of the date, time, and location when the training is scheduled to be conducted.

### Hiring and Promotions Procedures

50.     For the duration of the Decree, the Corporate Human Resources Department shall review and oversee the filling of all hiring and promotional opportunities at the University of Phoenix Online.

51.     For the duration of the Decree, the Corporate Human Resources Department shall be responsible for ensuring that all Enrollment Department hiring and promotional opportunities are appropriately posted and/or advertised.

52.     For the duration of the Decree, the Corporate Human Resources Department shall be responsible for identifying the most qualified candidates for hiring and promotion and referring these candidates to the hiring manager(s) for selection.

53.     For the duration of the Decree, Defendants shall maintain all records of all University of Phoenix applicants/candidates considered for hiring and promotion.

54.     For the duration of this Decree, Defendants shall make all hiring and promotion decisions in a non-discriminatory manner without regard to religion.

### Review and Monitoring of Lead Distribution by
### Diversity Officer

55.     The Diversity Officer shall review the lead distribution and redistribution process at the University of Phoenix Online to assess whether the

lead distribution and redistribution is being made impartially without regard to religion. The Diversity Officer shall ensure that all leads are being distributed and re-distributed without regard to any employee's religion and consistent with the Company's published policies and procedures, which shall be based solely on legitimate business-related factors.

56. The Diversity Officer shall have all access to Defendants' lead information and personnel necessary to ensure the foregoing. The Diversity Officer shall review and approve all distribution policies and procedures to ensure that the lead distribution and redistribution be done in a non-discriminatory manner. The Diversity Officer shall review lead distribution and redistribution no less than every six months for the entire term of the Decree.

### Review and Monitoring of Tuition Waivers by
### Diversity Officer and Corporate Human Resources

57. The Diversity Officer shall review the policies and procedures for approval and denial of tuition waiver requests, and make recommendations to Defendants and the EEOC about any necessary changes in the policies and procedures to ensure that the tuition waiver benefit is being made available to all employees on a non-discriminatory basis.

58. Within one-hundred twenty (120) days of the date of entry of this Decree, the Diversity Officer shall review all relevant records to determine if the approval or the denial of tuition waivers is being made impartially without regard to religion. The Diversity Officer shall have all access to Defendants' tuition waiver information and personnel necessary to make this assessment. The Diversity Officer shall include in the reports required herein the results of the foregoing review.

59. All Online Enrollment Counselors will be subject to the same formally announced policies and procedures regarding Tuition Waivers. Unless Defendants elect to change their Tuition Waiver policy for all Online Enrollment

Counselors, all Enrollment Counselors will become eligible for the Tuition Waiver immediately upon hire.   No Enrollment Counselor will be denied or lose their Tuition Waiver benefit unless: (1) that action is totally consistent with the policies and practices then in place for all Online Enrollment Counselors; and (2) that action has been reviewed and approved in advance by Corporate Human Resources and/or the Diversity Officer.  A record of the basis of the decision shall be created and retained by Defendants.

## VII. REPORTING AND RECORD KEEPING

60.    For the duration of the Decree, Defendants agree to maintain such records as are necessary to demonstrate their compliance with this Decree and verify that the reports submitted are accurate, including but not limited to the documents specifically identified below.

61.    For the four (4) years in which the Decree is in effect, Defendants shall retain the following hard-copy and computer records and the EEOC shall have access to the information with reasonable advance written notice:

(a)    all personnel files including all hiring, performance appraisals, promotions, tuition waivers, discipline, lead distributions and redistributions, and termination records;

(b)    all complaints of discrimination or favoritism based upon religion and all records of the investigation of those complaints;

(c)    all complaints of retaliation prohibited by statutes enforced by the EEOC, and all records of the investigation of those complaints;

(d)    all records reflecting the transfer or redistribution of leads from one Enrollment Counselor to another as well as records that reflect any lead assigned to an Enrollment Counselor by an Enrollment Manager or any other Defendant supervisor and/or management official;

(e)    all records of employee discipline and discharge, including any investigative records supporting the decision;

(f)     all records of hiring and promotions, including the position announcements, the names of the candidates for the position, the name of the person selected for the position, and any records relied upon Defendant in making their selection.

(g)     all records relating to all denials and withdrawals of the tuition waiver benefits.

## VIII. ENFORCEMENT OF CONSENT DECREE

62.     It is expressly agreed that if EEOC concludes that Defendants have breached this Consent Decree, EEOC may initiate a lawsuit in this Court, after complying with the informal resolution procedures set forth in Paragraphs 63-66, below.

63.     Prior to initiating an action to enforce the Decree, the Commission shall provide written notice ("Notice of Dispute") to Defendants of the nature of the dispute.  This notice shall specify the particular provision(s) believed to have been breached and a statement of the issues in dispute.  The notice may also include a reasonable request for documents or information relevant to the dispute. Service of the Notice of Dispute and any Responses shall be made by hand-delivery, facsimile transmission, or electronic mail.

64.     Within fourteen (14) days after service of the Notice of Dispute, Defendants shall provide a written response and provide the requested documents or information.

65.     After service of the Responses, the Parties will schedule a telephone or in-person meeting to attempt to resolve the dispute.

66.     If the dispute has not been resolved within forty-five (45) days after service of the Notice of Dispute, an action to enforce the Decree may be brought in this Court.

## IX. MISCELLANEOUS PROVISIONS

67.     The Commission and Defendants agree to take all steps that may be

necessary to fully effectuate the terms of this Decree.

68.    Each party shall be responsible for and shall pay its own costs and attorney's fees as of the date the Parties execute this Consent Decree, except as noted in Paragraph 16, above.

## X.  SIGNATURES

Approve as to form and content:

MARY JO O'NEILL
Regional Attorney

SALLY C. SHANLEY
Supervisory Trial Attorney

**U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**
Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

LUCILA G. ROSAS

KATHERINE J. KRUSE

Attorneys for Plaintiff

Trisha Kinley, Esq.

Attorney for Intervenors

**SNELL & WILMER L.L.P.**
One Arizona Center
400 East Van Buren Street
Phoenix, Arizona  85004-2202

WILLIAM R. HAYDEN
BRIAN J. FOSTER
JOSHUA R. WOODARD

Attorneys for Defendant University of Phoenix, Inc.

Apollo Group

University of Phoenix

9163068.2

ATTACHEMENT A – FILED UNDER SEAL

**ATTACHMENT B**

**NOTICE TO ALL EMPLOYEES OF**
Apollo Group and University of Phoenix

This Notice is being posted in part as a result of a Court Order and Consent Decree in the case, *EEOC v. Apollo Group and University of Phoenix, CIV 06-2303-PHX-MHM.*  The EEOC sued Apollo Group and University of Phoenix alleging religious discrimination based on the fact that certain employees were non-LDS.  The EEOC also alleged the Apollo Group and University of Phoenix retaliated against certain employees because they opposed the religious discrimination.  Apollo Group and University of Phoenix deny these allegations. The EEOC and Apollo have agreed to the entry of the above-referenced Court Order and Consent Decree.

This Notice is also being posted as a result of conciliation agreements entered into by the EEOC and Apollo Group.

It is unlawful under federal law Title VII of the Civil Rights Act and state law to discriminate against an employee on the basis of religion--by preferring an employee in any way because his/ her religion or by treating an employee worse because he/ she does not belong to a certain religion.

 It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC.

Apollo Group and University of Phoenix will not discriminate against any employee on the basis of religion or any other protected category (ethnicity, race, national origin, gender, age, disability and veteran status) and will not retaliate against any employee.

If you believe you have been discriminated against by Apollo Group and University of Phoenix based upon your religion, you should immediately contact one of the following Senior Employee Relations Consultants in the Human Resources Department:

1.     April Alcorn – (602) 557-1086

2.     Beata Buddukiewicz – (602) 557-1360

3.     William Posey – (602) 557-1626

4.     Diane Hoogesteger – (602) 557-3040

Whether you do or do not contact the Employee Relations Department, you have the right to seek assistance from:

    (1)    EEOC, 3300 North Central Avenue, Suite 690, Phoenix, Arizona 85012, (602) 640-5000; or

    (2)    Arizona Civil Rights Division (ACRD) of the Attorney General's Office, 1275 W. Washington, Phoenix, Arizona, 85007, (602) 255-5263.

or have the right to file a charge with the EEOC or ACRD if you believe you are being discriminated against.

<u>No Retaliation Clause.</u>  No action may be taken against you by any supervisory or management official of Apollo Group or University of Phoenix for (1) opposing discriminatory practices made unlawful by federal law, (2) filing a charge or assisting or participating in the filing of a charge of discrimination, or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or the ACRD and the address or telephone numbers listed above.


Dated:                          _____
                                    **Diane Thompson, Chief Human Resources Officer**

                      DO NOT DEFACE OR TAKE DOWN

## ATTACHMENT C

## FORM OF ZERO TOLERANCE NOTICE

Any form of religious discrimination or favoritism has long been prohibited by federal law (Title VII of the Civil Rights Act of 1964), Arizona state law (the Arizona civil Rights Act), as well as by Apollo corporate personnel policy.  Apollo and the University of Phoenix are now subject to a federal Court Order and Consent Decree expressly prohibiting any form of religious discrimination or favoritism at its Online Division.  Any violation of this Court Order subjects the violator, and Apollo, to being held in contempt of court by the Federal District Court of Arizona.

For these reasons, Apollo has put in place a "Zero Tolerance" Policy at its Online Division.  Pursuant to this Policy, if any supervisor or manager at Online has a complaint of religious discrimination or favoritism against him or her substantiated, that supervisor or manager will be immediately terminated from employment with the Apollo Group.

Training regarding this Zero Tolerance Policy will be conducted at Online in the near future.  Also, pursuant to the Court's Order, Online Supervisors and Managers will have their job performance evaluated at least annually on their overall compliance with Apollo's Equal Employment Opportunity personnel policies and the terms of the Court Order and Consent Decree.

Vince Grell\
[Title]

Diane Thompson\
[Title]

## ATTACHMENT D

[Date]

Dear Employer,

    [Name] was an employee of the University of Phoenix from [Date] until [Date].  He/she last served in the position of Enrollment Counselor and was a full time regular employee.

    The University of Phoenix prides itself on encouraging professional excellence through training and example, and we hope you find this candidate suitable for your needs.

            Sincerely,


            Tracy Bonjean
            VP/Director of Employee Services

9189864.1

**ATTACHMENT E**

[Date]


[Employee]
[address]
[address]

Re:      University of Phoenix

Dear [Name]:

     On behalf of the University of Phoenix and myself personally, I wish to express my sincere apology that some aspects of your experience while employed at the University of Phoenix failed to meet your expectations.  In particular, I am sorry that you believe that your religious beliefs may have been taken into consideration regarding various aspects of your employment.

     Thank you for the contributions you made while employed at the University of Phoenix and we wish you nothing but success in your future endeavors.


     Sincerely,



     Diane L. Thompson
     Chief Human Resources Officer

9189864.1